IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TIENDA ESCOLAR, INC., ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MAGIC TRANSPORT, INC.,**<br><br>Defendant. | Civil No. 14-1843 (DRD) |

**OPINION AND ORDER**

Pending before the Court is Defendant Magic Transport, Inc.'s ("Defendant" or "Magic") *Motion to Dismiss* (Docket No. 4). For the reasons set forth below, Defendant's motion is hereby **GRANTED**.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Tienda Escolar, Inc. and Luis Hiram Carrucini-Quiles (collectively, "Plaintiffs") are engaged in the retail sale of school uniforms and, for years, have utilized Defendant's services to ship their products to Puerto Rico. Magic is engaged in the carriage of goods by sea as a Non-Vessel Operating Common Carrier ("NVOCC")[1] in international and domestic trade.

---

[1] "In the usual course, an NVOCC assembles small lots into a single large container at a determinate point of origin for shipment and handling by an ocean carrier to a specified destination. The freight forwarder arranges for the bulk load to be broken down dock-side or moved inland to a dispersal point, as circumstances warrant. In either event, the container is unloaded

1

In 2012, the parties entered into a contract whereby Magic would provide ocean and inland carriage services to Plaintiffs from Fort Worth, Texas to Toa Alta, Puerto Rico. *See Complaint*, Docket No. 1-3.  On July 7, 2012, Magic issued a bill of lading for the carriage of two pallets of school uniform pants, one of which was never delivered.

On November 3, 2014, Plaintiffs filed suit against Defendant in the Puerto Rico Court of First Instance, Bayamón Part, Civil No. DAC2014-2981 (401), for breach of contract.

On November 21, 2014, Defendant removed the case to federal court, stressing that Plaintiff's cause of action arises under federal law, i.e., the Carriage of Goods by Sea Act ("COGSA").

On December 26, 2014, Defendant filed a *Motion to Dismiss* (Docket No. 4) asserting that the case at bar is time-barred. Defendant argues that all breach of contract actions arising under the COGSA must be filed within one year, but that Plaintiff waited over two (2) years to file its complaint.

Plaintiff has failed to appear in the instant case.  As such, Defendant's motion stands unopposed.

---

by the NVOCC's agents or contractors, and the goods delivered to the individual consignees. As a freight forwarder, an NVOCC is considered the 'carrier.'"  *Polyplastics, Inc. v. Transconex, Inc.*, 827 F.2d 859, 860 (1st Cir. 1987).

2

## II. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'")(quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually

3

insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded

4

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit

5

has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12

6

(citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### III. LEGAL ANALYSIS

"By its terms, COGSA governs bills of lading for the carriage of goods 'from the time when the goods are loaded on to the time when they are discharged from the ship.'" *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 29 (2004)(quoting COGSA § 1(e), 46 U.S.C. § 30701 notes (previously codified at 46 U.S.C. app. § 1301(e)) defining "carriage of goods" under the Act). Under COGSA, shippers and carriers have the option of extending

7

COGSA's coverage to the period before loading and after unloading the goods from the vessels. *Id*. ("Nothing contained in this chapter shall prevent a carrier or a shipper from entering into any agreement, stipulation, condition, reservation, or exemption as to the responsibility and liability of the carrier or the ship for the loss or damage to or in connection with the custody and care and handling of goods prior to the loading on and subsequent to the discharge from the ship on which the goods are carried by sea.")(quoting COGSA § 7, 46 U.S.C. § 30701 note (previously codified at 46 U.S.C. app. § 1307)); *see Greenpack of Puerto Rico, Inc. v. Am. President Lines*, 684 F.3d 20, 24 (1st Cir. 2012)(holding that "the parties to a shipping contract may agree to extend COGSA's coverage to the period before loading or after unloading of the goods.").

Under COGSA, shippers and carriers are discharged from liability for any lost or damaged goods resulting from their transportation of the same if suit is not initiated within one year of the date the goods were or should have been delivered. *Id*.; *see Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc.*, 896 F.2d 656, 660 (1st Cir. 1990); *see also Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993).

In the case at bar, the Bill of Lading expressly provides that the COGSA governs the transportation of goods before being loaded on and after being discharged from the vessel. *See*

8

Docket No. 1, Exhibit 5, Bill of Lading, Clause 1.  Hence, the one-year statute of limitations applies.  According to Plaintiffs' complaint, Tienda Escolar, Inc. purchased two pallets of clothing from Willianson-Dickie MFG Co. and shipped them with Magic in the summer of 2012.  Docket No. 1, Exhibit 3.  The date on the Bill of Lading was July 6, 2012.  *Id*.  Magic delivered one of the pallets and lost the other.  *Id*.  The summer season is critical to Tienda Escolar's success, as the majority of the uniforms for the upcoming year are sold during the summer months.  *Id*.

Although Plaintiffs' complaint does not expressly provide the exact date Defendant failed to deliver the goods, the complaint does emphasize that the failure transpired during the summer of 2012.  This assertion, even construed in the most liberal manner, leaves no doubt that the instant case is time-barred, as the complaint was filed on November 3, 2014 in state court.  Hence, more than two (2) years had elapsed since the date Defendant had contracted with Plaintiffs to deliver the two pallets.

Accordingly, the Court hereby **GRANTS** Defendant's *Motion to Dismiss* (Docket No. 4).

### IV. CONCLUSION

For the aforementioned reasons, the Court holds that Plaintiffs' claims are time-barred. Thus, Defendant's *Motion to Dismiss* (Docket No. 4) is hereby **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of May, 2015.

                                                s/ Daniel R. Dominguez

                                                DANIEL R. DOMINGUEZ
                                                U.S. DISTRICT JUDGE